The next case this morning is 2011-1141, DATA NETWORK STORAGE v. DELL. DATA NETWORK STORAGE v. DELL. Good morning, Your Honor. Good morning. May it please the Court. There's really only one issue before the Court this morning, and that is, is there sufficient evidence for a reasonable jury to conclude that iSCSI commands are high-level commands? And the answer is that there is sufficient evidence. There are three sources of evidence. We have RFC 3720, which is the official document defining the iSCSI protocol. Then we have the 128 patent itself, and finally the expert's declaration. But do you even get that far? I mean, the problem is that you've got a claim construction that the Court is going to instruct the jury on, and I understand that you concede that you're bound by the Veritas claim construction, are you not? Your Honor, we accept the Veritas claim construction for the purposes of this appeal, but that claim construction has been wrongly applied by the district court. What the district court has done is have taken the Veritas claim construction and read it as if it says high-level commands are only file-level commands, and the district court has completely ignored the such-as clause. Isn't that what you said to the district court in the Veritas case? I mean, looking at the Markman transfer, the court asked that specific question, and you conceded that file-level and block-level were two different things. Your Honor, GNS was not present in the Veritas case. There were comments made by counsel, but those comments have no bearing on this case. You can't dance away from that. I mean, you have to take as the transferee. And we're not, Your Honor. What we are saying is that the Veritas claim construction is fine, it's workable here, and what has happened is that the district court has misapplied it. Well, let's get into the claim construction. Does the claim construction or does it not say that high-level commands are file-level commands and not block-level commands? Is there any portion of that that I've misstated? That's the claim construction? Yes, Your Honor. Okay. So how, applying that claim construction to iSCSI, do you defeat a motion for summary judgment? You have a look at the such-as clause of the claim construction. The claim construction says high-level commands are file-level commands such as read, write, lock, etc. But they can't include block-level commands, and that's what we're talking about. And it can include block-level commands, Your Honor. That's exactly the point because all of those examples, for example, read and write, are precisely examples that are commands that are block-level commands. They also happen to be file-level commands. And as the expert explained, there are, in fact, many commands which are common to both file-level commands and block-level commands. Well, then you're turning the construction around. You're saying that what he really said was it's read, write commands that sometimes show up at file-level. That's not the way it's worded, though. No, Your Honor. That's not the way that I'm saying it. What I'm saying is you have to take a command and see is it present in the set of commands that's available at the file-level. So you ask, OK, yeah, we've got a read command. Is read one of the commands present at the file-level? The answer is yes. OK, then it's possibly eligible to be a high-level command. Now we look at the such-as clause and we say, well, is the read command similar to those commands listed as examples? Is it similar to read, write, etc.? And the way to answer that question is to say, well, what's the context of the command? And the expert has told us that the context of iSCSI commands is to enable storage over a network. And in that context, iSCSI commands are, in fact, high-level commands. When I go through your briefs and the record evidence, I don't see that you ever explicitly deny that iSCSI is a block-level protocol. That's correct, Your Honor. Well, then let's go back to the claim construction. And in Veritas, it was clear that high-level commands can never be block-level commands. And also that high-level commands are file-level commands. No, Your Honor, not at all. What the Veritas construction says is very plain. It says high-level commands are file-level commands such as open, close, read, write, block, and copy. Nowhere there does it say not block-level commands. And what the court has done at the district level is the district court has said, I'm only going to read high-level commands as being file-level commands. And that's clearly incorrect. And to know that it's incorrect, you look at the patent. And the patent tells us that there are read and write commands at the block level, specifically at the block level. And those commands are high-level commands. And if the district court applies the Veritas construction to mean that high-level commands are only file-level commands and nothing more than that, then it would specifically exclude the commands identified in the patent at the block level as being high-level commands. I guess what confuses me and I think possibly confuses Judge Reyna is that I thought we agreed up front that the claim construction excluded block-level commands. And I thought you agreed with that. No, that's incorrect, Your Honor. The claim construction does not exclude block-level commands. And if you look at the examples in the claim construction that are given, those are in fact examples of commands that are also block-level commands. So your read of the claim construction from the Veritas case is that high-level commands are file-level commands but may also include block-level commands? Is that how you're reading the claim construction that came out of the Veritas case? No, Your Honor. I'm reading the claim construction from the Veritas case exactly as it reads. And what I'm saying is that in order to apply it correctly, the way one applies it is to say here's a command. The command is read or write. Is that command present at the file level? Okay, yes it is. If it's not at all present at the file level, if you can't have that command operating at the file level, then it's not going to meet the Veritas construction. But if it can, it doesn't matter if it also happens to be a block-level command. You can't exclude. See, you're asking us to look at this in terms of the context in which the commands are made. That is correct. And this is not an argument or the context environment was not at issue in Veritas. I'll say that's correct, Your Honor, yes. But yet Veritas did address the issue of what constitutes a high-level command, and it construed it as such that would implicitly eliminate a block-level command. No, Your Honor, it would not implicitly eliminate a block-level command. And if you look at the court's reasoning in the Veritas construction, in leading up to that construction, the court recognizes that parts of the specification also use high-level to refer to volume array and block-level commands. And I'm reading here from the Veritas ruling, which is at the Joint Appendix, page 883. And then the court goes on to say, those alternate uses of high-level do not detract from the explanatory force of the quoted language. And why that's important is the Veritas court is saying, I'm not limiting high-level commands. What I am doing is trying to explain what high-level commands are. And that's fine. And I guess I don't want to beat a dead horse, but in the exchange that's cited all over the briefs between counsel and the court, the language seems quite clear. Don't we also know that it's not a block-level command? And counsel agrees yes, so we would also follow yes. And the judge's construction construed high-level commands to exclude block-level commands based on that stipulation, on that assertion. Am I wrong? What am I missing in that exchange? No, Your Honor, that's quite correct. Okay, so he construed high-level commands to exclude block-level commands. No, Your Honor, that's not correct. That's not correct. The construction is very clear. The construction is high-level commands are file-level commands such as open, close, read, write, etc. There's no exclusion of block-level commands there. There's just high-level commands or file-level commands such as open, close, read, and write. And moreover, the court in Veritas didn't base that construction on the comments from counsel, which Your Honor referred to. The court told us in the Veritas construction, the court holds that the specification sufficiently explains the term high-level command. So the court wasn't relying on counsel's comment. The court was relying solely on the specification of the patent. Well, in looking through the record, we can rely at least to a certain extent on the explanations made before the district court, and to determine, for example, whether there's consistency with other evidence in the record such as the prosecution history of the claim, which appears also to arguments were made to move away from a block storage or block commands. No, Your Honor. That's not quite correct. The disclaimer in the prosecution history says that SCSI commands not are SCSI, and these are two completely different things. The disclaimer refers only to SCSI and says that SCSI commands are not high-level commands of an intermediate format. And the emphasis is really on the latter part of that phrase, of an intermediate format. What NEDAP and what the district court have done is focus on the first part of that disclaimer, high-level commands. But that wasn't the problem with iSCSI commands. The problem, and what was disclaimed in the prosecution history, was that iSCSI commands are not high-level commands of an intermediate format. They lack the of the intermediate format part. And that is exactly the thing that iSCSI commands have. They have the intermediate common format because they enable computers to communicate and to store information over an internet, which computers would not otherwise be able to do. And the 128 patent explains that the very purpose of high-level commands of an intermediate common format is to enable devices which are incompatible in order to communicate. So that is exactly what iSCSI does, and that is why iSCSI is a high-level command of an intermediate common format. Just one last question. Even if we agreed with you, the most you could get would be a remand for the court to consider whether or not you properly amended your complaint or timely amended your complaint to even assert the iSCSI or your infringement contention. And that is a separate issue, but what your Honours are able to do is to reverse the ruling that iSCSI commands are not high-level commands, because that ruling is incorrect. And there is evidence in the record, and sufficient evidence at that, conflicting with the district court's ruling. And at this stage of the proceedings, the court can't weigh the evidence. The court has to take that evidence in the light most favourable to DNS, accept it as fact, and say, all right, there's certainly evidence here sufficient for a reasonable jury to find that iSCSI commands are in fact high-level commands. And that's all we need to do at this stage. Will we reserve your rebuttal time? Thank you, Your Honour. Mr. Reines. Thank you, Your Honour. Ed Reines from Walgottsville for NetApp. The beginning of this analysis requires study of the Veritas case, and the panel has obviously done that based on the questioning, but let me run through it just for clarity. The issue in Veritas was that Storage Computer Corporation, the current owner of the patent, was fending off an invalidity claim based on indefiniteness. In that case, Veritas was arguing that the term high-level was such a flexible term, subject to mischief, that there wasn't enough clarity in the application, in the specification, as to what it meant to let people know what the meets and bounds of the claim were. And pointed out that it's used inconsistently within the specification. The response from the patent owner was that it was clear what it meant, and that although it was used a little inconsistently in the specification, what it meant was it was a file level. It wasn't a block level, it was a file level. And they were very clear about that, and that the oral argument, and the courts already touched on this. Judge Godby, who is a very interesting judge, as a matter of fact, an electrical engineer who worked at TI and practiced in patent litigation, asked the question, how do I know down the road if something is a high-level command? That's at JA2125, page 36. Intelligent question for a judge that's trying to adjudicate this indefiniteness challenge in the claim construction proffer by the patent owner. And the response was, the only teaching we have from the file history is that it's not a scudgy command. Despite that exchange, though, which we've all seen multiple times since you've mentioned it as often as you could, and you're very excited, despite that exchange, when he actually writes the Markman order, he doesn't use language that says, and this excludes all block level commands. He says file level commands such as read, write, etc., but there is no exclusion language that would mirror that exchange in the Markman hearing, is there? I mean, just in the sense that file level is different from block level, and I don't think that's subject to reasonable dispute. So what you have to argue is that by referring to file level, he is impliedly excluding block level? I mean, it's implied if you don't look at the proceedings before the court in terms of the positions taken by the party. When you have the patent owner taking the position that it excludes block level in an open public proceeding, and then you have the judge adopting that it's file level, and stating, relying on, and quoting the portion of the specification that defines file level, which I've quoted as many times as I could in the briefing at column 4, line 22 through 28, which makes clear that he's referring to file level, not block level. I mean, at some level, there's always parsing you can do, but you have to be able to rely on the fact that file level and block level were argued as different concepts. The patent owner said, we don't cover block level. I mean, I don't know what more we can do, and the judge said, okay, I find that there's enough explanation here, and you cover file level notwithstanding alternate uses, which I take to mean differing uses. The Veritas decision was never challenging, correct? It was not challenged in that case, and it was not challenged below. So the question that keeps coming back to me is that if we have a district court decision that went unchallenged, what's the authority that we have at this point to go back and review that same claim construction? I think on this record, none, and I think it would be beyond that. It would be a disservice to the district court judge who presided over two matters and worked pretty hard on them. There was no challenge at the district court level to Veritas construction, file level, because they claim they didn't violate it. They had a whole heading in their opposition to their summary judgment briefing. We do not violate the Veritas claim construction. In their opening appeal brief, no challenge to the Veritas claim construction. In the argument that you heard 15 minutes ago, the question was asked, and he said we embrace the Veritas claim construction. We are not running from it, notwithstanding the remainder of the argument. They have to run away from it because it's just a matter of syllogistic logic. If it applies, they fail to meet it. One area of the, and I may have been remiss that I did not quote from the exchange, and in preparing today I thought I'd call it out, is on page 40 of the transcript in Veritas at line 20 through 21. This is the joint appendix at 2126. The attorney for the patent office says the court can find that these commands are file level. So I think that's clear. Now let's just say we were going to. So how do you answer the argument that what the Veritas court did not do is review the context that the different public commands are used? I mean, to me there's one very simple answer, which is even if you indulge that file level doesn't mean file level, or that file level and block aren't really different things, okay, which is I think what I'm, if the context is different. Would you agree that they overlap? Definitely not, definitely not. So block commands never have a command that says open or copy or file? No, no, I think there's a very helpful way to think about that. So SCSI, which was clearly disclaimed in the file history, I don't think they're, words of one syllable were used to say, we do not, OSCE uses SCSI, SCSI is not high level, therefore we're different from OSCE, right? That's the prosecution history that the court brought up before. It's undisputed that SCSI has open-close. So if you were to ignore basics of grammar and say file level such as open-close, okay, we just ignore file level, it's surplusage, because that's what's necessary to rule for the other side on this. You put file level in but it doesn't mean anything, it's just open-close, then you would be capturing SCSI, which even, Acacia doesn't argue anymore. So is that your alternative argument, that that disclaimer would apply to iSCSI as well as SCSI? Only inferentially. The real point of that is to say that ignoring file level as being an important requirement of the claim construction of Veritas doesn't make sense, because it's incompatible with, it's upside down relative to the file history. What they were disclaiming was SCSI, no one, I don't think, meaningfully debates that, because of the clarity of language. And SCSI has open-close, read-write, that's undisputed. For example, where do we have that? The Zimmerman Declaration at Paragraph 4. But to really answer your question about context is, and to answer any possible question about whether they've demonstrated that they have file level, because I think everyone agrees that no matter how you blur the distinctions, they have to put evidence in that it's file level, because that's the claim construction. Everything would be stood on its head if they didn't have to meet the claim construction that they say they embrace. That seems straightforward. You can look up and down in their evidence. There's nothing that says iSCSI is file level. Nothing. And counsel will get back up and do its reply. There'll be all kinds of arm-waving and emphatic things, but nothing will be evidence that there's file level. If you look at the expert declaration, it's awfully drafted. The first two paragraphs talk about credentials and who they represent. The third paragraph says iSCSI and SCSI are different. I don't think he's disputing that. I think what he's saying is, yes, it's block level, but because it's got read and write, it can be high-level commands. And if you look at the Markman order in some detail, the judge does point out that there are other places in the specification that describe certain block-level commands as high-level commands. Now, he says that you have to consider it in context, and in the context of the particular claim, he finds it to be a file-level command. But what do you make of the fact that the court concedes that block-level commands could be high-level commands in certain circumstances? There's two issues that I see there. One is what happened in Veritas definitely is the parts of the specification that related to block level were said that that doesn't – those are just alternate uses that don't demonstrate the meaning of high-level in the context of the claim. And Judge Godby himself puts it in the order in this case and says, I was distinguishing file-level from block-level. So we have that. But even if you let – so there's two issues to me. One is, do you blur file-level and block-level? Do you ignore file-level at all and say if it says open, close, that's sufficient? Well, we know that can't be right to the file history. That would encompass SCSI, which can't happen. But the easiest thing maybe from the appellate judge perspective is their expert evidence doesn't say this is a file-level command. And Your Honor said that that's not being attested. I don't know what they're going to – if they don't have evidence, then I don't know what else there is. In paragraph four, which is – paragraph three says I, SCSI, is different from SCSI. SCSI doesn't infringe, so they're trying to get away from it. But saying that you're different from something that doesn't infringe isn't evidence sufficient to create a genuine issue of fact for a jury. Then in paragraph four, which is the only paragraph that remains from which they can have their evidence, all he says is when I get the source code, I think I'll be able to match up the elements of the claims with the elements of the accused product. It never says in there that these are file-level commands, open and closed. So you have either two choices. One is there's an absence of evidence, or two is you have to ignore file level. Does the prosecution history present an estoppel issue here? Only the two-step analysis, which is insofar as SCSI is block-level and I, SCSI, is block-level, then that's distinguished. Which would seem to be resolved by the patent owner having made that point. The judge said, how do I know what's block-level and what's high-level command and not, because there's different uses in the specification. And the owners of the patent said, well, the judge said, well, we know it's not block-level, right, because that's what SCSI is. And he said, I believe a SCSI command, a SCSI communication is block-level, so that would also follow. Yes. Then later on, they continue talking about it and they talk about the different uses in the specification. The court can find that these commands are file-level. It would be truly inequitable to allow the purchase of a patent or a deal where a case now enforces the patent to wash away all those commitments as to what the claims meant that are in a claim construction that are not contested. And in any event, even if you would indulge all of that, the Zimmerman Declaration never says that iSCSI is file-level. Is it your view that they're forever foreclosed from arguing a different claim construction given the concession? I mean, there are existing cases that, there's at least one existing case that's out there. And, you know, what can be done in that case or not, I can't comment on. I know what I would do, both on the substantive merits and on the record. I mean, if they say it's not indefinite and prevail on the idea that it's not indefinite by saying here's what it means and then try to escape that clear statement of what it means when it's based on intrinsic evidence and the judges find that Judge Godbee reaches that same conclusion twice. And then they don't contest it at the district court level or on appeal. Are we legally precluded from going back and reviewing a prior claim construction decision? To do so, to rake out of it the concept of file-level, I would say that's not presented on this appeal. So in that sense, there would be due process issues. It wasn't preserved below. It wasn't preserved in an opening construction. It wasn't preserved in an opening argument when you all asked as your first baseline question, do you accept the Veritas claim construction? And counsel for DNS said, yes, we do. So I mean, I guess at some point, this is a due process question. In some other proceeding, what can happen? I don't know. I think the record is clear and I know how I would decide it. I wouldn't let them move back and forth. But in any event, the easiest way other than just applying simple claim construction that's uncontested would be to look at their expert declaration, which is where this evidence is supposed to be. Then there's this RFC. You can look high and low in the RFC. They mention three pieces of evidence. One is the declaration, the RFC 3720. It never says iSCSI is high-level. In fact, what it says is iSCSI incorporates block-level commands. That's at J8-1075. Also, if you look at the appendix of RFC 3720, it says SCSI has open, close, and all these other commands. How could SCSI have those commands and we know it doesn't fall within the scope of high-level, but yet we're going to say iSCSI just because it has open and close does meet the high-level requirement. That doesn't make any sense. And then the only other piece of evidence is the patent. Well, the patent can't be the basis for an infringement showing. That's just, frankly, an ill-disguised attempt to undermine the claim construction and say, well, here's the usage in the specification. That would be extremely backwards to allow the evidence of what's in the patent to be evidence of infringement notwithstanding agreement to the claim construction. I think we have your argument, Mr. Reinert. Thank you very much. Thank you. Mr. O'Toole, you've got a few minutes, a couple of minutes left. And before I address counsel's counsel arguments, what I want to highlight for the court, again, is we're not arguing issues of law here. Clearly, we're arguing an issue of fact. Is iSCSI a high-level command? And there's clearly a dispute of fact because opposing counsel didn't get up here and say, oh, yeah, we agree with DNS. iSCSI is high-level. We're disputing that. So we've got a dispute of fact here. But you can see that iSCSI is a block-level protocol. That's correct. And it's not excluded from the Veritas construction, not at all. Well, that may be your view, but you agree that that's not the district court's view of its own claim construction. And the district court got it wrong, Your Honor, and that's why we're appealing the district court. You're saying not in Veritas, but in this case by misconstruing what he had said in Veritas? No, Your Honor, by misapplying the Veritas construction, by applying the Veritas construction as if it says high-level commands are file-level commands only. And briefly, I'd like to address opposing counsel's argument that SCSI commands were disclaimed as high-level commands. They weren't. SCSI commands are disclaimed as high-level commands of an intermediate common format. They lack the intermediate common format part, and that is the part that iSCSI brings to the table, to transform a SCSI command into a high-level command of an intermediate common format. Never was it said SCSI commands are not high-level commands. And NEDAC has pounced on that on summary judgment, and they remain fixated on that when it's not the full picture. They keep taking it out of context, and it's very important not to do that. The same goes for the Veritas construction. You have to read the entire construction. You have to take the subject's course. Your argument depends on us concluding that the district court misinterpreted his own earlier construction, because we can't change that earlier construction, correct? No, that's not correct, Your Honor. A claim construction is simply an instruction to the jury. It can change any time all the way through trial. It's just an instruction to the jury. Even after you conceded you were bound by it and it was correct? Your Honor, what I've said is that— But you're not challenging it. That's correct. At this stage in this appeal, we are bound by it. For the purposes of this appeal, we are stuck with that construction. Didn't the Markham order clearly say that high-level commands cannot include block-level commands? No, Your Honor. The Markham order does not say that high-level commands cannot include block-level commands. But at a minimum, the court in this case clearly construed his claim construction in the Veritas case as excluding block-level commands, correct? And that's incorrect, Your Honor. Oh, no, you're quite correct in saying that that is what the district court did. And it was very wrong to do that because he is explicitly excluding a scope of the patent that the patent says block-level commands, V-read command, at page JA57 of the appendix, where the patent says high-level commands include V-read. The V-read command reads a specified number of blocks. It's clearly a block-level command. It's clearly a high-level command. And the district court has just ignored that and said no block-level commands. We appreciate the arguments of both counsel. The case is submitted.